IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIR AFSAR,<br><br>   Petitioner,<br><br> v.<br><br>ALBERTO GONZALES, Attorney General;<br>MICHAEL CHERTOFF, Secretary,<br>Department of Homeland Security; NANCY<br>ALCANTAR, San Francisco District Field<br>Director of Detention and Removal,<br>Immigration and Customs Enforcement,<br>Department of Homeland Security,<br><br>   Respondents.<br>                  / | No. C 06-01149 WHA<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner Amir Afsar petitions the Court for a writ of habeas corpus, seeking his release on bond from federal custody at the Santa Clara County Jail in San Jose. He states colorable claims and therefore is entitled to an order directing respondents to show cause why a writ should not issue.

## STATEMENT[*]

Petitioner is a citizen of Pakistan who first entered the United States in 1991. He applied for political asylum in 1992. He left the United States and was paroled back into the country in 1996. The next year, he married a United States citizen. She filed an immigrant visa

---

[*] All facts asserted here are those alleged in the petition.

application on his behalf. He left the country again in 1999 and was paroled back later that year.

In 2002, his application for adjustment of immigrant status was denied because he had separated from his wife and did not show that the marriage was entered into in good faith. He was divorced from his wife and remarried briefly. On September 23, 2005, he married a third United States citizen. On December 23, 2005, he was taken into federal custody and placed in removal proceedings. The government charged him with not having a valid unexpired visa at the time of his entry into the United States, and for making a willful misrepresentation of a material fact to obtain a visa. On January 29, the government denied petitioner bond without giving any reasons.

On February 16, he filed his petition for a writ of habeas corpus. He claims that he is being held in violation of (1) federal regulations requiring that the government individually determine whether or not to release someone on bond, (2) the Fifth Amendment right to due process of law and (3) "his constitutional right to be free from government custody because the District Director did not provide any rational basis for his decision."

**ANALYSIS**

A person may apply for a writ of habeas corpus if he is being held in custody under the authority of the United States or in violation of the Constitution or laws of the United States. 28 U.S.C. 2241(c)(1), (c)(3). In applying, he or she must allege the facts concerning detention, the name of the person who has custody over him or her and "by virtue of what claim or authority, if known," custody is maintained. 28 U.S.C. 2242 ¶ 2. The applicant is entitled to an order directing the respondent to show cause why a writ should not be issued if it does not appear "from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. 2243 ¶ 1. Such summary dismissal is only appropriate when the allegations in the petition are vague, conclusory, "palpably incredible" or "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The instant petition does not require summary dismissal. Respondents therefore are ordered to show cause why a writ should not issue on one or more of the grounds alleged in the petition.

**CONCLUSION**

The **CLERK SHALL SERVE** respondents and respondents' counsel with a copy of the petition, all attachments to it and this order. Respondents **SHALL FILE AND SERVE UPON PETITIONER, BY MAY 15, 2006, AN ANSWER** to the petition. Respondent **SHALL, BY THAT DATE, ALSO SERVE A FULL RECORD OF THE IMMIGRATION PROCEEDINGS** involving petitioner. If petitioner wishes to respond to the answer, he **SHALL FILE A TRAVERSE** with the Court and serve it upon respondent on the earlier of June 14, 2006, or thirty days after the answer is filed and served, whichever is earlier.

**IT IS SO ORDERED.**

Dated: March 16, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE